Albert J. VITALI, Defendant, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 6926.

United States Court of Appeals
First Circuit.

Oct. 11, 1967.

Harold L. Kessler, Providence, R. I.,
with whom Charles A. Curran, Providence, R. I., was on brief, for appellant.

Frederick W. Faerber, Jr., Asst. U. S.
Atty., with whom Edward P. Gallogly,
U. S. Atty., was on brief, for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

ALDRICH, Chief Judge.

■■ This is an appeal from a conviction for knowingly possessing stolen goods that were stolen while moving in

122

interstate commerce. 18 U.S.C. § 659. Defendant's first complaint is to the court's failure to allow his motion to suppress for insufficiency of the affidavit underlying the search warrant. We have reviewed the affidavit and consider the attack unsupportable. Where goods are of a common nature and not unique there is no obligation to show that the ones sought (here a substantial quantity of watch bands) necessarily are the ones stolen, but only to show circumstances indicating this to be likely. Having established similarity it was then enough that it appeared that the manufacturer-consignor sold only to the watch and watch band trade, in which defendant, and AAA Acceptance Corporation which occupied the premises, did not appear to be, and that the manufacturer had no record of sales to either of them. The defendant is too strict in viewing the strength of inferences, cf. Dirring v. United States, 1 Cir., 1964, 328 F.2d 512, cert. denied 377 U.S. 1003, 84 S.Ct. 1939, 12 L.Ed.2d 1052 and in assessing the burden of proof he would place upon the government. Probable cause does not mean proof beyond a reasonable doubt. See Rosencranz v. United States, 1 Cir., 1966, 356 F.2d 310.

■ Nor are we persuaded that the evidence adduced at the trial did not warrant a finding of possession by the defendant. The defendant was behind the counter of the AAA Acceptance Corporation's office, apparently in charge, and on request opened a safe. The goods were in a back room immediately adjacent to him, with the door open. This room was used for storage, and had no other available access. The officers, upon arrival, gave the defendant the proper warnings, and permitted him to call counsel. After discovering the watch bands they placed him under arrest, again stating that he need not talk. Defendant again called counsel. One of the officers testified that, a few minutes later, on the way to the station, after some general conversation he had the following colloquy with the defendant.

" 'The Speidel watch bands were found or located in the rear room of your establishment. Do you have an invoice?' He didn't answer the question. I then said to him, 'You have a great quantity of other material in there. Now how can you account for the Speidel watch bands being located in the back room of your establishment?' And he told me that, well, they could have come in with the shipment of some other goods that he had in there about three months ago. So I said to him that the alleged theft of the Speidel watch bands—the theft of the watch bands was not three months ago. And he said he had received a shipment of sunglasses recently. And that was the end of the conversation."

In the light of the physical circumstances earlier described, and the implied admissions that could be found in this conversation, the jury was fully warranted in finding possession to be in the defendant. We note particularly "you have * * *" and "your establishment * * *." By his failure to find fault with these pronouns the defendant could be found to have admitted the attribution. See cases cited in Commonwealth v. McGrath, 1967 Mass. A.S. 41, 44, 222 N.E.2d 774. The constitutional issue we will deal with later.

Next, defendant contends that there was no evidence of knowledge on his part that the goods were in the room. We will not detail all of the evidence, but we note that the carton was not inconspicuous, the label had apparently been removed, and the contents were of considerable value. Once the jury concluded it was defendant's establishment, they could well find that these goods, and their source, would not have been without his knowledge.

■ We also disagree with defendant's criticism of the charge wherein the court referred to an inference of knowledge the goods were stolen arising from constructive possession. Although not too clearly expressed, this objection is apparently the legalistic one, that in law there may be constructive possession

without knowledge the goods are present. This is right enough. However, the court was instructing a jury of laymen, and was careful to define its concept of constructive possession as requiring knowledge. It also fully explained the grounds on which the inference of knowledge depended. Even if the court used the term constructive possession inexactly, we think it clear that the jury could not have been misled, or the defendant harmed.

 Finally, defendant objects to the government's argument to the jury. This argument was expressed more than one way, but, essentially, it sought to draw an inference of ownership of the premises from defendant's failure to contradict or reply at the time to the officer's references to "your establishment" earlier mentioned in this opinion. The following is a sample of defendant's objection.

> "Not only was this statement by the United States Attorney once again violative of the Defendant, Appellant's right to remain silent in an accusatory proceeding * * *, it also contained the inference that the Defendant, Appellant is under an obligation to establish his innocence. * * * Appellant was under no obligation to speak to the FBI Agents and no inference of guilt can be drawn from his failure to do so."

The government now contends principally that any error was not prejudicial. We could not agree. Had argument on this subject been unwarranted it would have been highly prejudicial. Chapman v. State of California, 1967, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705; cf. Desmond v. United States, 1 Cir., 1965, 345 F.2d 225, 14 A.L.R.3d 718. However, there was no error; the defendant misapplies the principle. Defendant was under no obligation to reply, and had he remained silent altogether or merely claimed his rights no comment could have been made. Miranda v. State of Arizona, 1966, 384 U.S. 436, 468 n. 37, 86 S.Ct. 1602, 16 L.Ed.2d 694; Fagundes v. United States, 1 Cir., 1965, 340 F.2d 673. However,

the defendant elected not to stand on his "right to remain silent," but to talk without seeming reserve. This was a calculated risk; he might have been successful. A defendant cannot have it both ways. If he talks, what he says or omits is to be judged on its merits or demerits, and not on some artificial standard that only the part that helps him can be later referred to. This was not a case where the government commented upon failure to take the stand, or on a prior exercise of rights. The government asked the jury to measure what the defendant said when he had no rights because he had voluntarily waived them. Cf. Caminetti v. United States, 1917, 242 U.S. 470, 492–495, 37 S.Ct. 192, 61 L.Ed. 442; Hayes v. United States, 9 Cir., 1966, 368 F.2d 814. In this there was no error.

The other points which defendant presses requires no additional comment.

Affirmed.