UNITED STATES of America,
Appellant,

v.

John C. ROCHE et al., Appellees.

No. 79–1306.

United States Court of Appeals,
First Circuit.

Argued Nov. 6, 1979.

Decided Jan. 21, 1980.

Frank J. Marine, Atty., Dept. of Justice, Washington, D.C., with whom Edward F. Harrington, U. S. Atty., Boston, Mass., Jerome M. Feit, Atty., Dept. of Justice, Washington, D.C., and Martin D. Boudreau, Sp. Atty., Dept. of Justice, Boston, Mass., were on brief, for appellant.

Judith H. Mizner, Boston, Mass., with whom Martin G. Weinberg, Willie J. Davis, Boston, Mass., Thomas C. Troy, Troy & Collings, Dorchester, Mass., Ronald Chisholm, Boston, Mass., Rosemary B. Minehan, and Michael Reilly, Dorchester, Mass., were on brief, for appellees.

Before COFFIN, Chief Judge, CAMPBELL, Circuit Judge, WYZANSKI, Senior District Judge.*

COFFIN, Chief Judge.

The government here appeals pursuant to 18 U.S.C. § 3731 from the district court's suppression of evidence. The court ruled that the warrants sanctioning thirteen searches were invalid because they did not describe the items to be seized with sufficient particularity to meet the standards of the Fourth Amendment. Because we believe that the district court's ruling correctly applied settled law within this circuit on the degree of particularity required in warrants authorizing searches of business records, we affirm.

* Of the District of Massachusetts, sitting by designation.

The thirteen warrants, issued in December 1976 and January 1977, empowered federal agents to search the offices of various insurance agencies owned by appellee John Roche. The other appellees were employees of the insurance agencies. As evidenced by an agent's affidavit submitted to the magistrate with the warrant application, the government had probable cause to believe that the Roche agencies were engaged in an extensive fraud scheme, systematically charging customers more for motor vehicle insurance than was permitted by the Commonwealth of Massachusetts. The Roche agencies also allegedly retained automobile insurance premiums owed to the carrier, Aetna Life & Casualty, and often did not issue the automobile insurance policies to customers. The affidavit also detailed the means by which these frauds were allegedly accomplished.

The warrants each authorized the seizure of:

"books, records, documents, consisting of but not limited to insurance applications, premium notices, claims requests for recovery, correspondence relating to applications and claims, policies, ledger sheets, invoices, account journal, and office week ending progress reports which are evidence, fruits and instrumentalities of the violation of Title 18, United States Code, Section 1341."

█ The district court held that this description was too broad in that it did not limit the search to documents relating to motor vehicle insurance, but authorized the seizure of a far broader class of documents pertaining to all types of insurance. This conclusion is surely correct. In *In re Application of Lafayette Academy, Inc.*, 610 F.2d 1 (1st Cir., 1979), we affirmed the suppression of the fruits of a search where the warrant authorized seizure of an equally broad class of documents, but the government had probable cause to search for evidence of fraud of only one government program. The defect in the warrant under review here and that considered in *Lafayette Academy* are virtually identical:

"[T]he warrant purports to authorize not just a search and seizure of [Federal Insured Student Loan Program]—related records . . . but a general rummaging for evidence of any type of federal conspiracy or fraud. Here, at a minimum, the precise nature of the fraud and conspiracy offenses for evidence of which the search was authorized . . . needed to be stated in order to delimit the broad categories of documentary material and thus to meet the particularity requirement of the fourth amendment." (Footnote omitted.) *Id.* at 3.

Here, the government could have limited the objects of search and seizure to documents and records pertaining to automobile insurance,[1] but declined to do so. This impermissibly broadened the scope of the search beyond the foundation of probable cause.[2] *See also Montilla Records of Puerto Rico, Inc. v. Morales*, 575 F.2d 324 (1st Cir. 1978).

---

1. We need not express an opinion on whether further particularization would be required beyond the limitation by reference to motor vehicle insurance. Nonetheless we note that the detailed nature of the affidavit indicates that a further breakdown of the generic descriptions into "descriptions of particularized items", such as automobile insurance applications bearing the code letters indicating the amounts of overcharges, may have been possible and would be desirable. *See In re Application of Lafayette Academy, supra*, at 4 n. 4. Furthermore, we are concerned because the warrants were not limited to records generated in a stated period of time. *See United States v. Abrams*, 615 F.2d 541, (1st Cir. 1980).

2. We summarily reject the government's argument that *Andresen v. Maryland*, 427 U.S. 463,

96 S.Ct. 2737, 49 L.Ed.2d 627 (1976), established that a less exacting standard of particularity will be applied to the search of business records than to searches for other objects. The court did state that the complexity of a fraud scheme should not redound to a defendant's advantage by making the drafting of a search warrant impossible. However, the Court was there addressing the petitioner's argument that the lengthy specific list of documents to be seized constituted a "general warrant" and was not in any way suggesting that general descriptions of the items to be searched or seized, standing alone, would be sufficient. *Id.* at 480–81 n. 10, 96 S.Ct. 2737. *See United States v. Abrams, supra.*

The government responds by pointing to various factors that, it contends, limit the warrant's scope or obviate the need for limitation. First, the government contends that the language of the warrant limited the search to evidence of violations of 18 U.S.C. § 1341 and that this was sufficient particularity. However, section 1341 makes illegal all frauds that utilize the mails;[3] limitation by so broad a statute is no limitation at all. *In re Application of Lafayette Academy, supra*, at 3–4.

The warrant thus provided only a generic description of the items to be seized. The government argues, however, that under *United States v. Cortellesso*, 601 F.2d 28, 31 (1st Cir. 1979), a generic description provides adequate particularity if the supporting affidavit demonstrates that there was reason to believe that a large collection of similar items was on the premises and also explains to the magistrate the method by which the agents will differentiate the proper items to be searched and seized from the innocent items present. *See United States v. Klein*, 565 F.2d 183, 187–88 (1st Cir. 1977). The government's position that this search passes the *Cortellesso* test is unpersuasive. *Cortellesso* addressed the problem of drafting effective warrants when the items to be searched are so similar to unoffending or irrelevant items that "for all practical purposes the collection could not be precisely described for the purpose of limiting the scope of the seizure." 601 F.2d at 32. Here this problem did not exist; the warrant could have been limited to documents relating to automobile insurance. It follows that the books, documents and other insurance records on the premises were not sufficiently similar to bring *Cortellesso* into play.

The district court thought that the affidavit submitted to the magistrate with the warrant application was so detailed and complete that if it had been incorporated into the warrant and served with the warrant it would have saved the searches and seizures. However, because it was neither incorporated into nor served with the warrant, it cannot provide the needed specificity. The district court again correctly applied settled law:

> "An affidavit may be referred to for purposes of providing particularity if the affidavit accompanies the warrant, *and* the warrant uses suitable words of reference which incorporate the affidavit." (Emphasis in original.)

*United States v. Klein, supra*, 565 F.2d at 186 n. 3. Here, all agree that neither requirement was met. Therefore, the presumed particularity of the affidavit cannot save the warrant. Even assuming that knowledge of the affidavit in fact circumscribed the discretion of the executing officers, this would not eliminate the concerns that underlie the requirements that the affidavit be served with and incorporated into the warrant:

> "[T]he requirement that the warrant itself particularly describe the material to be seized is not only to circumscribe the discretion of the executing officers but also to inform the person subject to the search and seizure what the officers are entitled to take. . . . Moreover, self-restraint on the part of the instant executing officers does not erase the fact that under the broadly worded warrant appellees were subject to a greater exer-

---

**3.** 18 U.S.C. § 1341 provides:

"Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, or to sell, dispose of, loan, exchange, alter, give away, distribute, supply, or furnish or procure for unlawful use any counterfeit or spurious coin, obligation, security, or other article, or anything represented to be or intimated or held out to be such counterfeit or spurious article, for the purpose of executing such scheme or artifice or attempting so to do, places in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Postal Service, or takes or receives therefrom, any such matter or thing, or knowingly causes to be delivered by mail according to the direction thereon, or at the place at which it is directed to be delivered by the person to whom it is addressed, any such matter or thing, shall be fined not more than $1,000 or imprisoned not more than five years, or both."

cise of power than that which may have actually transpired and for which probable cause had been established."

*In re Application of Lafayette Academy, supra,* at 5.

The government contends that this requirement that the affidavit be incorporated into and served with the warrant does not apply when the requirements of *United States v. Cortellesso, supra,* are met. However, *Cortellesso* addresses the question when an affidavit may indicate that a generic description of the materials to be searched is sufficient, not when an affidavit may supply needed particularity without being attached to or incorporated in the warrant. Apparent confusion over this distinction leads the government to restate in this context the same argument based on *Cortellesso* rejected above. The argument does not gain new luster through repetition.

*Affirmed.*