**UNITED STATES of America**

v.

**Rafael TORMES–ORTIZ.**

**CR. No. 88–0253 (GG).**

United States District Court,
D. Puerto Rico.

March 6, 1989.

See also 710 F.Supp. 412.

---

**410**

Guillermo Gil, Everett De Jesus, U.S. Dept. of Justice, Guaynabo, P.R., for plaintiff.

Moore and Rabin, P.A., Robert L. Moore, Miami, Fla., for defendant.

## ORDER

GIERBOLINI, District Judge.

On September 15, 1988 defendant Rafael Tormes–Ortiz was charged in fifteen (15) counts of a forty-count superseding indictment for violations of 21 U.S.C. §§ 841(a)(1), 846, 952 and 960 and 18 U.S.C. §§ 2, 924(c)(1) and 1952. Specifically, defendant is charged with conspiracy with intent to distribute marijuana and cocaine, importation of marijuana and cocaine into the United States, carrying and using firearms during the commission of a drug trafficking crime, and travel in interstate commerce to facilitate the carrying out of an unlawful activity, that is, to possess cocaine with intent to distribute.

Defendant seeks to suppress certain evidence which he alleges was illegally seized because the search warrant did not contain a particularized description of the items to be seized. The evidence in question was seized pursuant to a search warrant issued by a local court judge and is to be used in the prosecution of the instant case.

This matter was referred to the magistrate and on January 31, 1989 he issued a report, without conducting a hearing, recommending that the motion to suppress be denied. Essentially, he was of the opinion that the warrant which is translated as "all that is relating to drugs and narcotics and any other object that is in violation of the law" should be upheld since "any other object" and "all that is relating" is the equivalent of drugs or narcotics "paraphernalia". Defendant has filed an opposition.

The warrant describes the property authorized to be seized as:

> ... all that is relating to drugs and narcotics and any other object that is in violation of the law.

The fourth amendment provides that "no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched and the persons or things to be seized." Thus, broad or general warrants are proscribed by the fourth amendment. *United States v. Hinds*, 856 F.2d 438 (1st Cir.1988); *see also United States v. Roche*, 614 F.2d 6 (1st Cir.1980); *Application of Lafayette Academy, Inc.*, 610 F.2d 1 (1st Cir.1979). General descriptions are permissible only in "special contexts in which there [is] substantial evidence to support the belief that the class of contraband [is] on the premises and in practical terms the goods to be described [can] not be precisely described." *United States v. Fuccillo*, 808 F.2d 173, 176 (1st Cir.1987).

The following items were seized from the residence occupied by defendant:

1. A cardboard box with the inscription "Samsung" containing a plastic bag, green in color, containing marijuana in its interior.

2. A small transparent "zip lock tight" (yellow and blue border) plastic bag containing a white powder.

3. A large transparent "zip lock tight" (yellow and blue border) plastic bag containing a white powder.

4. Two solid, white "blocks" wrapped with yellow tape inside a transparent "zip lock tight" (yellow and blue border) plastic bag wrapped in yellow tape.

5. A carbine cal. 30–30, Winchester, with serial number ECMP9117, brown and black in color.

6. A brown bundle containing one black 9 m.m. Smith & Wesson, series A–34, 1944, and its *illegible.* Also, eight (8) rifle "pins", a fire extinguisher; an innumerable number of different caliber bullets.

7. One "Communications Specialists" transistor radio bearing serial number 06437.

8. One "Sea Lab 9000" transistor radio bearing serial number 5015958.

9. One "ICOM" transistor radio, bearing serial number 31226.

10. One "ICOM" transistor radio, bearing serial number 31801.

11. One "Citizens" transistor radio, bearing serial number 511059.

12. One "Citizens" transistor radio, bearing serial number 508130.

13. One "Communications Specialists" transistor radio bearing serial number 01985.

14. One "ICOM" radio charger (battery) bearing serial number 38056.

■ We must determine whether the authorization to seize "all that is relating to drugs and narcotics and any other object that is in violation of the law", constitutes a general warrant. We do not find the phrase "all that is relating to drugs and narcotics" unduly generic where the nature of the offense, in this case cocaine and marijuana trafficking, is clear. There is no question that the plastic bags containing marijuana (item 1) and a white powder (items 2 and 3), and the two solid white blocks inside a plastic bag (item 4) are all related to drugs and narcotics.

■ As for the other evidence seized, "evidence not described in a valid search warrant but having a nexus with the crime under investigation may be seized at the same time the described evidence is seized." *United States v. Kane,* 450 F.2d 77, 85 (5th Cir.1971), *cert. denied,* 405 U.S. 934, 92 S.Ct. 954, 30 L.Ed.2d 810 (1972). It is well established that firearms (items 5 and 6) are used in connection with controlled substances. *United States v. Calisto,* 838 F.2d 711 (3d Cir.1988). As recognized by our Court of Appeals, "narcotic

dealing and guns go hand in hand." *Hinds, supra,* 856 F.2d at 443. In *Hinds,* the court quoted with approval from *United States v. Wiener,* 534 F.2d 15, 18 (2d Cir.), *cert. denied,* 429 U.S. 820, 97 S.Ct. 66, 50 L.Ed.2d 80 (1976): "Experience on the trial and appellate benches has taught that substantial dealers in narcotics keep firearms on their premises as tools of the trade almost to the same extent as they keep scales, glassine bags, cutting equipment and other narcotics equipment." *See also United States v. Cresta,* 825 F.2d 538, 554 (1st Cir.1987), *cert. denied,* —— U.S. ——, 108 S.Ct. 2033, 100 L.Ed.2d 618 (1988) (guns are tools of trade for international drug smuggling). Courts reason that weapons tend to prove the defendant's intent to promote and protect the narcotics conspiracy. *Cresta, supra,* 825 F.2d at 554.

The remaining items seized (7–14) are high-powered transistor radios and a radio charger. These items, like firearms, go hand in hand with sophisticated schemes to smuggle drugs into this country. Although it may appear innocuous, the radio equipment seized during the search has a nexus to the illegal importation of controlled substances. *See United States v. Levesque,* 625 F.Supp. 428, 450 (D.N.H. 1985) (seizure of radio scanner upheld because of nexus to drug trafficking). In view of the above, we find that the seizure of firearms and radio equipment to be constitutional, since both have a direct nexus with the crime under investigation and the described evidence to be seized.

In light of our ruling that all of the items were validly seized, we need not pass judgment on the catch-all phrase authorizing seizure of "any other object in violation of the law." Nevertheless, we note that this is the very type of general description outlawed by the fourth amendment.

Finally, we address defendant's argument that the search warrant contains sworn representations by police officers which are either deliberately false or made in reckless disregard for the truth. This contention is based on information provided to counsel for defendant by persons

present at the state court hearing on defendant's motion to suppress who were relying upon their recollection of events long since past. Counsel for defendant indicates that he has requested a transcript of those proceedings and requests an evidentiary hearing once he has the transcript pursuant to *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978).

 Under *Franks* if a defendant makes a substantial preliminary showing that 1) a false statement was included by the affiant in an affidavit supporting a search warrant, either knowingly and intentionally or with reckless disregard for the truth and 2) the allegedly false statement is necessary to a finding of probable cause, then the false material in the affidavit is to be set aside and the sufficiency of the affidavit to establish probable cause is to be judged by the remaining material.

Specifically, defendant formulates the following preliminary allegations:

1) In the affidavit, affiant states that he saw a suspect with a "transparent plastic bag which contained white powder". At the hearing on the defendant's motion to suppress held in the Commonwealth Court, affiant stated that he couldn't tell if the bag itself was white or whether it was transparent plastic containing a white powdery substance.

2) In the affidavit, affiant states that he saw a young man receive a transparent plastic bag with white powder and that the subject "inhaled" the substance. At the hearing on the motion to suppress, affiant stated that he never actually saw anyone "inhale" a white powdery substance. The agent testified that he assumed the suspect had inhaled the substance based upon his upper torso movements.

Applying the aforementioned standards, we find that the cited portions of the affidavit were not knowingly and intentionally false or made with reckless disregard for the truth. The version of the events offered at the hearing varied only slightly from the facts recited in the affidavit. Moreover, even the later version, under the totality of the circumstances, clearly provided probable cause for the issuance of the warrant. *Calisto, supra*, 838 F.2d at 717–18. Since the alleged minor discrepancies in affiant's statement were unimportant in the context of probable cause and because the warrant would have properly been issued under either version of events, we reject defendant's argument that a hearing is required pursuant to *Franks* or that suppression of the fruits of the challenged search is warranted.

Wherefore, in view of the foregoing, defendant's motion is DENIED.

SO ORDERED.

