**UNITED STATES of America**

v.

**Alfred CLOUGH, Defendant**

**No. CR. 02–74–B–H.**

United States District Court,
D. Maine.

April 9, 2003.

---

Gail Fisk Malone, Assistant United States Attorney, Bangor, ME, for United States of America.

David W. Bate, Esq., Bangor, ME, for Alfred Clough, defendant.

## ORDER ON GOVERNMENT'S MOTION FOR RECONSIDERATION AND DEFENDANT'S OBJECTION TO ORDER ON MOTION TO SUPPRESS

HORNBY, District Judge.

The government's motion to reconsider and the defendant's objection to my order on the defendant's motion to suppress are DENIED IN PART and GRANTED IN PART as follows:

1. The parties have resolved the issue of items seized allegedly outside the residential search warrant.

2. *United States v. Roche,* 614 F.2d 6 (1st Cir.1980), and *In re Application of Lafayette Academy,* 610 F.2d 1 (1st Cir.

1979), remain good law. If they are to be overruled, that is for the Court of Appeals of the First Circuit. I therefore do not alter my ruling that the computer warrant as written was too broad.

3. I believe my original application of *United States v. Leon,* 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), was correct. The ruling stands.

4. *United States v. Upham,* 168 F.3d 532, 534–37 (1st Cir.1999), is governing law in this circuit. Under *Upham,* the government did not need the second warrant because the first warrant authorized seizure of the computers and related items. Order of February 27, 2003, at 6 n. 3 (Docket No. 33).[1] Therefore, the motion to suppress is DENIED.

So ORDERED.

---

1. I understand that the Justice Department procedures suggest that there may be a different "strategy" for a seizure when the computer is a storage device for evidence of a crime (as here) rather than itself an instrumentality (as in an internet child pornography case). Orin S. Kerr, *Searching and Seizing Computers and Obtaining Electronic Evidence in Criminal Investigations,* §§ II.B.1.a., b., U.S. Dep't of Justice, Office of Legal Education (March 2001). The defendant urges the court to recognize the distinction here, but I see no basis for doing so. *Upham* notes the distinction, 168 F.3d at 536 n. 2, but found it irrelevant where a warrant, like this one, authorizes seizure of the computers themselves.