401 A.2d 820

**COMMONWEALTH of Pennsylvania**

v.

**Donald Thomas WILLIAMS, Appellant.**

Superior Court of Pennsylvania.

Submitted June 12, 1978.

Decided April 12, 1979.

John W. Packel, Assistant Public Defender, Chief, Appeals Division, Philadelphia, for appellant.

Robert B. Lawler, Assistant District Attorney, Chief, Appeals Div., Philadelphia, for Commonwealth, appellee.

Before JACOBS, President Judge, and HOFFMAN, CER-CONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

VAN der VOORT, Judge:

Appellant Donald Thomas Williams was arrested on June 7, 1975, charged with robbery, conspiracy, simple assault and theft. Appellant was found guilty on October 24, 1975, after a trial before a judge sitting without a jury. Post-trial motions were filed and denied, and, on December 9, 1975, sentence of three years probation was imposed. While on probation, appellant was again arrested (on February 12, 1977) for robbery and assault. The lower court held a probation revocation hearing (Gagnon I) on March 1, 1977, and ordered that a second hearing be held as soon as appellant was tried on the new charges. Appellant was found guilty of the new charges on May 11, 1977, and was sentenced on those charges on July 13, 1977, to serve concurrent terms of eleven and one-half months imprisonment and five years probation. A second probation revocation hearing was held on August 18, 1977, at which time appellant's probation was revoked and he was sentenced to a term of two and one-half to five years imprisonment, to begin at the expiration of the sentence on the new conviction. Appellant appealed to our Court, arguing that his probation revocation hearing had not been held as speedily as possible, as is required by Pa.Rule of Criminal Procedure 1409.

Pa.Rule of Appellate Procedure 1925(b) provides that if the lower court is uncertain as to the basis for an appeal, it may direct the appellant to file of record in the lower court and serve on the trial judge a concise statement of the matters complained of on the appeal. The rule further provides that a failure to comply with such direction may be considered by the appellate court as a waiver of all objections to the order, ruling, or other matters complained of. In the case before us, according to the lower court's opinion, the court twice requested (on September 21 and October 20, 1977) that defense counsel file a statement of matters com-

plained of in the appeal. No response was made to either request, and the lower court therefore declared itself unable to discuss any specific objections. In accordance with the provisions of Rule 1925(b), we find that appellant has waived his issue by failing to comply with the lower court's request.

Affirmed.

JACOBS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.