UNITED STATES of America, Plaintiff-Appellant,

v.

Clarence Jay CROZIER, Manuel Isadore Pine, Alan Terry Stein, and Florence Margaret Wolke, Defendants-Appellees.

Nos. 81–1345, 81–1355 and 81–1484.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 1, 1982.

Decided April 20, 1982.

Rehearing and Rehearing En Banc Denied Aug. 17, 1982.

---

Richard E. Hove, Oakland, Cal., Sandra Slaton, Phoenix, Ariz., for plaintiff-appellant.

Billie A. Rosen, Asst. U. S. Atty., Phoenix, Ariz., for defendants-appellees.

Before GOODWIN and TANG, Circuit Judges, and SOLOMON,* Senior District Judge.

SOLOMON, Senior District Judge:

These three interlocutory appeals arose out of a criminal case against Crozier, Pine, Stein, Wolke, and seven other defendants who were charged with the manufacture and possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). They were also charged with conspiracy and tax evasion, in violation of 26 U.S.C. § 7201. Count Two of the indictment charges Crozier with engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848 (1976)[1] (Section 848).

The penalties for violating Section 848 include forfeiture of all profits obtained through the criminal enterprise. The government moved *ex parte* to restrain the sale, transfer, or encumbrance of virtually all of Crozier's real and personal property, and some property belonging to Florence Wolke, who occupies the same house with Crozier, but who is not named in Count Two. The district court granted the

---

* Hon. Gus J. Solomon, Senior United States District Judge for the District of Oregon, sitting by designation.

1. Section 848 provides:

(a)(1) Any person who engages in a continuing criminal enterprise shall be sentenced to a term of imprisonment which may not be less than 10 years and which may be up to life imprisonment, to a fine of not more than $100,000, and to the forfeiture prescribed in paragraph (2); except that if any person engages in such activity after one or more prior convictions of him under this section have become final, he shall be sentenced to a term of imprisonment which may not be less than 20 years and which may be up to life imprisonment, to a fine of not more than $200,000, and to the forfeiture prescribed in paragraph (2).

(2) Any person who is convicted under paragraph (1) of engaging in a continuing criminal enterprise shall forfeit to the United States—

(A) the profits obtained by him in such enterprise, and

(B) any of his interest in, claim against, or property or contractual rights of any kind affording a source of influence over, such enterprise.

(b) For purposes of subsection (a) of this section, a person is engaged in a continuing criminal enterprise if—

(1) he violates any provision of this subchapter or subchapter II of this chapter the punishment for which is a felony, and (2) such violation is a part of a continuing series of violations of this subchapter or subchapter II of this chapter—

(A) which are undertaken by such person in concert with five or more other persons with respect to whom such person occupies a position of organizer, a supervisory position, or any other position of management, and

(B) from which such person obtains substantial income or resources.

(c) In the case of any sentence imposed under this section, imposition or execution of such sentence shall not be suspended, probation shall not be granted, and section 4202 of Title 18 and the Act of July 15, 1932 (D.C. Code, secs. 24 203 to 24 207), shall not apply.

(d) The district courts of the United States (including courts in the territories or possessions of the United States having jurisdiction under subsection (a) of this section) shall have jurisdiction to enter such restraining orders or prohibitions, or to take such other actions, including the acceptance of satisfactory performance bonds, in connection with any property or other interest subject to forfeiture under this section, as they shall deem proper.

Pub.L. 91 513, Title II, § 408, Oct. 27, 1970, 84 Stat. 1265.

government's request for a restraining order.

The motions of Crozier and Wolke to dissolve the restraining order were denied without a hearing. They filed interlocutory appeals,[2] in which they contend that: (1) Section 848(d) is unconstitutional, particularly as applied in this case, and (2) the Court of Appeals has jurisdiction to decide an interlocutory appeal from the district court's refusal to dissolve the restraining order issued under Section 848(d).

In the district court, Crozier, Pine, Stein and Wolke moved to suppress certain items of physical evidence. After a hearing, the district court suppressed the evidence obtained as a result of the following searches:

1. The warrantless entry into the residence of Crozier and Wolke, and the subsequent execution of a search warrant for their residence, all on April 9, 1980.

2. The warrantless entry into the residence of Stein, and the subsequent execution of a search warrant for that residence, all on April 9, 1980.

3. The warrantless seizure and the warrantless search of a 1980 Cadillac El Dorado, on April 10, 1980.

4. The execution of a second search warrant for the residence of Stein on April 11, 1980.

Although the district court did not rule on the validity of the El Dorado seizure, the government concedes that the seizure was the fruit of the April 9 search warrant for the Stein residence.

The government appeals from the district court's order which (1) suppressed the fruits of the search of the residence of Crozier and Wolke on April 9, (2) suppressed chemicals and laboratory apparatus seized from the residence of Stein on April 9, and (3) failed to limit suppression to those defendants who had shown a reasonable expectation of privacy in the areas searched.

The government does not appeal from the order which suppressed the documents and papers seized at the residence of Stein on either April 9 or April 11, 1980.

## I.

## JURISDICTION

As a general rule interlocutory appeals are not permitted, but there are exceptions. In *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 545–47, 69 S.Ct. 1221, 1225–1226, 93 L.Ed. 1528 (1949), the Supreme Court granted review of "collateral orders" affecting rights independent of the merits of the action which were too important to be denied prompt review. The issue was whether a state statute requiring plaintiff's shareholder to post security for litigation costs applied in federal courts. In *Abney v. United States*, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977), the Supreme Court, in granting interlocutory review of a double jeopardy challenge, extended *Cohen* to criminal cases.

In this case, without a hearing either before or after the court issued its restraining order under Section 848(d), Crozier and Wolke were restrained from selling or transferring their interest in real property which they jointly own, and from possessing, selling, or transferring a large amount of jewelry and other personal property in which one or both of them have an interest. This restraint will continue until they are tried and a jury returns its verdicts.

Until that time, the government will not be required to show that any of this property was acquired with illicit profits or to show who owns the property as between Crozier and Wolke. This is particularly important here because Wolke is not named in Count Two, the count that charges a violation of Section 848, and her property may not be subject to forfeiture.

▮ A crucial issue is whether the defendants' rights may be irreparably lost or impaired if an interlocutory appeal is denied. Crozier and Wolke assert that as a

---

**2.** Crozier also filed a petition in bankruptcy to prevent the foreclosure of his real property

pending the outcome of this appeal. The district court held him in contempt for this action.

result of the restraining order and the seizure of their property, their financial condition has worsened; they have been unable to prevent the foreclosure of one parcel of jointly held property, and they have no income to pay living or litigation expenses. They also assert that their property has been seized and restrained without a hearing on the propriety of the seizure. Unless an interlocutory appeal is granted, their due process challenge to the order will become moot after the jury returns a verdict. As a result, the constitutional question will evade review.

We agree. The rights of Crozier and Wolke may be irreparably lost or impaired if the appeal is denied. The disputed issues—the propriety of the issuance of the restraining order and which property, if any, is subject to forfeiture—are collateral to and separate from their guilt or innocence.

One reason for the policy against interlocutory review is excessive delay. It is likely that an appeal may be used as a dilatory tactic because ordinarily the trial court loses its power to proceed once a party files a notice of appeal. *United States v. Burt*, 619 F.2d 831, 838 (9th Cir. 1980).

Here, however, the resolution of the issues raised in the appeal is collateral to and has no bearing on the outcome of the criminal trial. Under these circumstances a district court may retain jurisdiction during the interlocutory appeal and proceed with the criminal trial. *See United States v. Leppo*, 634 F.2d 101, 105 (3rd Cir. 1980).

We hold that this court has jurisdiction to hear the interlocutory appeal, and the district court retains jurisdiction to proceed with the trial.

## II.

## VALIDITY OF THE RESTRAINING ORDER

Crozier and Wolke assert that Section 848(d) fails to provide for notice and hearing either before or after the seizure of property or the entry of a restraining order affecting the property. They therefore contend that, even if no loss results from the restraining order, they will be unable to sell or encumber their property until the case is concluded.

The government contends that the due process constitutional safeguards that accompany seizure of property in civil cases do not apply to criminal cases because a seizure under Section 848 must be initiated by a grand jury. The government also asserts that in a forfeiture case the notice and hearing requirements do not apply when the government seizes the property.

■ A grand jury determination is not an adequate substitute for an adversary proceeding because a defendant has no opportunity to cross-examine witnesses and the government does not assume the burden of proof. The prohibition against taking property without due process of law applies equally to sanctions administered under the authority of both criminal and civil statutes.

■ Even when exigent circumstances permit an *ex parte* restraining order, the government may not wait until trial to produce adequate grounds for forfeiture. *See Ivers v. United States*, 581 F.2d 1362, 1368 (9th Cir. 1978). Here, the property of both Crozier and Wolke has already been restrained for more than a year, and the criminal trial may be many months away. If they are acquitted, they will have been unjustly deprived of their property for more than two years, with no remedy for their loss.

■ Section 848(d) authorizes the district court to enter such restraining orders as it deems proper. The section does not specify requirements for determining when a restraining order should issue. In the absence of specific language to the contrary, the district court must apply the standards of Rule 65 of the Federal Rules of Civil Procedure, which requires an immediate hearing whenever a temporary restraining order has been granted *ex parte*.

In *United States v. Long*, 654 F.2d 911 (3rd Cir. 1981), the district court enjoined

the transfer of an airplane which the defendant had allegedly purchased with the proceeds of illicit drug sales. The government obtained an *ex parte* restraining order under Section 848(d) and shortly thereafter a hearing was held, at which the district court found that the airplane was subject to forfeiture. The appellate court affirmed the district court's denial of the motion to dissolve the restraining order and in holding that the district court had satisfied constitutional requirements, stated:

> Before a court can issue such a restraining order, however, the government must demonstrate that it is likely to convince a jury, beyond a reasonable doubt, of two things: one, that the defendant is guilty of violating the Continuing Criminal Enterprise statute and two, that the profits or properties at issue are subject to forfeiture under the provisions of section 848(a)(2). *See* 21 U.S.C. § 848(d) . . . . In addition, these determinations must be made on the basis of a full hearing; the government cannot rely on indictments alone.

*Id.* at 915.

■ We hold that the district court erred in denying the motions of Crozier and Wolke to dissolve the restraining order without a hearing. We therefore remand to the district court with directions to hold an appropriate hearing.

### III.

### SUPPRESSION OF EVIDENCE FROM CROZIER RESIDENCE

The search warrant for the residence of Crozier and Wolke authorized the seizure of "amphetamine, precursor chemicals, including methylamine, P-2-P, ether and alcohol, and laboratory apparatus, notes, formulas, as well as any indicia of ownership and control of the premises." The warrant did not specify what notes, formulas, documents, or physical evidence should be seized, or what evidence would indicate ownership and control. Before the warrant was issued, the agents were directed to "secure the premises" while other agents

obtained the warrant. Although the agents were not expected to enter the premises, they did enter and remain on the premises for approximately six hours before the search warrant arrived. During that time they looked in every room.

The district court held that the agents had no probable cause to believe that any controlled substance would be located within the residence, that no exigent circumstances existed to justify entry without a warrant, and that the agents had effectively seized the premises and its contents when they entered and examined the premises before the warrant arrived. The district court suppressed the evidence on the authority of *United States v. Allard*, 634 F.2d 1182 (9th Cir. 1981), a case holding that the seizure of a hotel room pending procurement of a warrant could not be justified without showing exigent circumstances.

The government contends that the search warrant was sufficiently specific, because it enabled the officers "to reasonably ascertain and identify the place to be searched and the objects to be seized." *United States v. Coppage*, 635 F.2d 683, 686 7 (8th Cir. 1980).

The cases on which the government relies all involved search warrants which were narrowly drawn. They set out the type and contents of the documents to be seized. In *United States v. Federbush*, 625 F.2d 246, 251 (9th Cir. 1980), the warrant authorized seizure of documents "pertaining to Windward International Bank, Ltd." In *United States v. Louderman*, 576 F.2d 1383, 1389 (9th Cir.), *cert. denied*, 439 U.S. 896, 99 S.Ct. 257, 58 L.Ed.2d 243 (1978), the warrant specified documents and records pertaining to specific individuals and occurrences.

Here, the warrant allowed the agents wide discretion, and they seized many irrelevant papers.

■■ The government contends that exigent circumstances justified entry into the premises before obtaining a search warrant because there was danger that the evidence would be destroyed. Even if there was evidence of drug trafficking at the Crozier

residence, the district court found that there were no exigent circumstances. A "search cannot be justified solely because an agent knows that there is contraband on the premises." *United States v. Allard*, 600 F.2d 1301, 1304 (9th Cir. 1979). Here, the agents did not know whether anyone was in the house when they entered; they made no arrests until after the warrant arrived.

■ Evidence illegally seized before the search warrant was obtained may be suppressed. *United States v. Allard*, 634 F.2d 1182, 1187 (9th Cir. 1980). The government then has the burden to show that it would have independently discovered and obtained the evidence even if it had not been illegally seized. *Id.* The government made no such showing.

The district court's finding that there were no exigent circumstances was not clearly erroneous, *United States v. Flickinger*, 573 F.2d 1349, 1357 (9th Cir. 1978), and the order to suppress the evidence seized from the Crozier residence is affirmed.

## IV.

### SUPPRESSION OF EVIDENCE FROM STEIN RESIDENCE

The Stein residence was searched twice; on April 9, 1980, and again on April 11, 1980. On April 9, after Crozier and Stein were arrested, government agents entered Stein's residence without a warrant and secured the premises for more than six hours before the search warrant arrived. The warrant did not describe any particular property. It merely authorized the seizure of "material evidence of violation of 28 U.S.C. § 841, 846. Manufacture and possession with intent to distribute amphetamine and conspiracy." The affidavit in support of the warrant was much more detailed. However, the district court concluded that the search was not limited to the affidavit, and that the warrant allowed the agents unbridled discretion.

During the April 9 search, the agents photographed jewelry within the residence, and then obtained a warrant to seize the jewelry. They seized it on April 11. The district court suppressed all evidence seized in both searches.

■ The Fourth Amendment prohibits general searches. Nothing may be left to the discretion of the officer executing the warrant. *Andresen v. Maryland*, 427 U.S. 463, 480, 96 S.Ct. 2737, 2748, 49 L.Ed.2d 627 (1976). We hold that the warrant which authorized the search of the Stein residence was overbroad.

■ The government explains its warrantless entry into the Stein residence by citing the same facts used to justify its illegal entry into the Crozier residence. No one was home when the agents entered the Stein residence. In our view, there was less justification to enter the Stein residence than there was to enter the Crozier residence. The finding that there were no exigent circumstances is not clearly erroneous. The order to suppress evidence seized from the Stein residence is affirmed.

## V.

### STANDING

The district court suppressed all the evidence seized from the Stein residence and from the Crozier residence, not only against Stein and Crozier, but also against all of the defendants.

At the hearing, the defendants contended that each had a reasonable expectation of privacy in the residence of the other, because they would often spend days in each other's company, and often left possessions at either residence. The government concedes that Wolke lives in the Crozier residence, but denies defendants' other allegations.

■ Under *United States v. Salvucci*, 448 U.S. 83, 100 S.Ct. 2547, 65 L.Ed.2d 619 (1980), defendants charged with possessory offenses no longer have automatic standing to assert a Fourth Amendment violation. To challenge the admission of evidence, each defendant must demonstrate a "legitimate expectation of privacy" in the area searched. *Id.* at 92, 100 S.Ct. at 2553. We remand this issue to the district court for new findings in light of *Salvucci*.

The district court did not reach the question of the probative value of the evidence and whether it is admissible under Rule 403 of the Federal Rules of Evidence. *See United States v. Figueroa*, 618 F.2d 934, 942–43 (2nd Cir. 1980). We therefore express no opinion on its admissibility.

CONCLUSION:

The restraining order is vacated, and the district court is directed to hold an appropriate hearing.

The district court's orders suppressing evidence illegally seized are affirmed, except that the evidence seized in either residence is not suppressed for non-resident defendants. The question of what evidence may be admitted against non-resident defendants is remanded to the district court for further proceedings.