454 A.2d 8

COMMONWEALTH of Pennsylvania

v.

James Thomas JONES, Appellant.

Supreme Court of Pennsylvania.

Argued Oct. 27, 1982.

Decided Dec. 29, 1982.

Thomas G. Klingensmith, Asst. Public Defender, for appellant.

Edward F. Browne, Jr., Asst. Dist. Atty., for appellee.

Before O'BRIEN, C.J., and ROBERTS, NIX, LARSEN, FLAHERTY, McDERMOTT and HUTCHINSON, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

On November 25, 1978, two men, armed respectively with a .357 magnum pistol and a 12 gauge shotgun, approached and menaced appellant and his friends as they emerged from a bar in the early hours of the morning. The two assailants were angry because appellant had objected in the bar to one of them making advances to his female companion. Outside the bar, as the assailants approached, the man armed with the pistol, after making verbal threats, began shooting, and one of appellant's friends was shot in the leg. The assailant armed with the shotgun then apparently abandoned the shotgun, and, according to the testimony of the appellant and his female companion, the woman, who had been hiding behind a car during the shooting, saw the shotgun and threw the gun to appellant. Appellant claims that as he caught the gun, it accidentally discharged, killing the victim.

Appellant was charged with first degree murder, and on March 16, 1979, after a trial by jury in the Court of Common Pleas of Lancaster County, Pennsylvania, was found guilty of voluntary manslaughter. Post-verdict motions and an application for leave to withdraw as counsel were filed by trial counsel, stating that appellant intended to raise trial counsel's ineffectiveness on appeal. The trial judge granted the motion to withdraw and, after appointing new counsel, ordered a hearing to be held on the issue of trial counsel's ineffectiveness. Post-verdict motions subsequently were de-

nied and appellant was sentenced to imprisonment for not less than four nor more than ten years. Also, appellant was fined $200 and ordered to pay costs. A timely motion to modify sentence was denied and this direct appeal followed.

At issue on this appeal is whether trial counsel was ineffective for introducing appellant's prior criminal record. Approximately two and a half years prior to the date of trial, appellant had pled guilty to charges of aggravated assault and terroristic threats. The incident involved a family quarrel with his brother-in-law, whom appellant accused of mistreating appellant's sister, the brother-in-law's wife. At the hearing on trial counsel's ineffectiveness, trial counsel testified that he introduced appellant's prior criminal record in order to establish appellant's truthfulness and credibility and because he believed that if he did not introduce the criminal record, the Commonwealth would introduce it:

Q. Was it your professional opinion at this time that the Commonwealth could not introduce Mr. Jones' prior criminal record?

A. I thought that there was a possibility of it being introduced by the Commonwealth for two reasons. *Basically I thought they might introduce it to show that there was an absence of accident or mistake on his part.* My review of the cases indicated that was an exception to the normal rule and it might be able to be admitted. . . .

[I]f I would have not disclosed that crime, the prior crime, when Tom [appellant] testified, and subsequently upon cross-examination he would have been required to disclose that, I thought that would destroy his entire credibility and perhaps subject him to conviction of a crime greater than that he was eventually found guilty of.

Q. So we can clarify the record; the type of crime or incident is aggravated assault, terroristic threats?

A. That's correct.

Q. It took place some time two and a half years before this incident?

A. That sounds correct. If I may; when I originally answered your question I said there were two reasons [that the prior criminal record might be introduced by the Commonwealth]. *And the other reason was that I felt that there was a possibility of the nature of the crime being the same, of a violent crime, that the Commonwealth would attempt to have the prior crime introduced as being common scheme or habit or motive of Tom, violent nature type of thing.*

Q. So in review you felt this was two conceivable theories in which the Commonwealth could introduce his prior criminal record?

A. That's correct.

Q. The first one would be attacking his credibility and the second one would be under a prior scheme, plan or design, isn't that correct?

A. No. I think I may have confused you when I gave my answer. I said that I thought his credibility was important, but not that they could introduce the prior crime to attack his credibility, but they would introduce it under *another exception which is absence of mistake or accident.* But in any event, the entry of the prior crime, effect would have been to destroy his credibility as substantiating his viewpoint of the statement that he had given to the police.

N.T. 10–12 (Emphasis supplied).

As we have often stated, our task in an ineffectiveness of counsel case is to determine whether:

the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests. The test is *not* whether other alternatives were more reasonable, employing a hindsight evaluation of the record. Although weigh the alternatives we must, the balance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's decisions had any reasonable basis.

*Com. ex rel. Washington v. Maroney,* 427 Pa. 599, 604–05, 235 A.2d 349, 352–53 (1967).

According to trial counsel's testimony, he did not believe that appellant's prior record could be admitted to attack appellant's credibility,[1] but that the record might come in under exceptions which have been well stated in *Commonwealth v. Terrell*, 234 Pa.Super. 325, 329, 339 A.2d 112, 114 (1975):

> Thus it is generally stated that evidence of another crime is admissible when it tends to prove (1) motive, (2) intent, (3) absence of mistake or accident, (4) a common scheme, plan, or design involving incidents so related to each other that proof of one tends to prove the others; or (5) to establish the identity of the person charged with the commission of the crime on trial. . . . To this illustrative list we have recently added, (6) where the crime was committed to conceal the commission of the crime on trial or to escape its consequences.

(Citations omitted). Our task, then, is to determine whether trial counsel's belief was reasonable that appellant's prior criminal record could be admitted under one or another of these exceptions to the general rule of exclusion of such evidence. If it was reasonable, counsel was not ineffective; if it was not, appellant was denied his right to the effective assistance of counsel.

To begin with, trial counsel asserted that evidence of prior crimes may be admissible to show motive in the present case. This Court has stated that in order for prior crimes to be admitted as evidence of motive for the crime presently being prosecuted,

---

1. Although the Commonwealth argues that appellant gave testimony indicating that his character was good, and therefore, the Commonwealth was free to use appellant's prior criminal record to attack his character, our examination of the record indicates that appellant did *not* put his character in issue, and the Commonwealth·was not, therefore, free to attack his character to rebut an assertion of good character.

   Further, the Commonwealth was not free to use the prior crime to attack appellant's veracity on the theory that his prior crime involved dishonesty or false statement, since a conviction for aggravated assault and terroristic threats does not reflect on appellant's veracity. *See Commonwealth v. Roots*, 482 Pa. 33, 38, 393 A.2d 364, 366–7 (1978).

evidence of a distinct crime, *even if relevant to motive,* "must give sufficient ground to believe that the crime currently being considered grew out of or was in any way caused by the prior set of facts and circumstances. *Commonwealth v. Martin,* 479 Pa. 63, 68–69, 387 A.2d 835, 838 (1978) (Emphasis supplied). It is patently clear that the prior aggravated assault and terroristic threats record has no relevance to the killing in this case. The crime being considered neither was caused by nor grew out of the prior set of facts or circumstances.

Similarly, there is no connection between appellant's prior criminal record and intent, the absence of mistake or accident, or a common scheme or plan. The prior criminal incident was not only removed by two and a half years in time, but also it concerned different and unrelated persons in much different circumstances. One crime has no relation to the other.

As to trial counsel's feeling that the prior crime indicated appellant's "violent nature," this is nothing more than the view that because a person has committed one crime, he is likely to have committed another. This Court in *Commonwealth v. Peterman* stated:

> where evidence of prior conviction is introduced *to show a criminal disposition* or the likelihood defendant committed the crime whereof he is being tried: "As a general rule, at common law, on a prosecution for a particular crime, a distinct crime unconnected with that laid in the indictment cannot be given in evidence against a prisoner as substantive proof of the crime for which he is being tried." ... *Commonwealth v. Williams,* 307 Pa. 134, 147–149, 160 A. 602 (1932).

430 Pa. 627, 639–640, 244 A.2d 723, 730 (1968) (Emphasis supplied). Similarly, this Court in *Commonwealth v. Burdell* stated:

> One of our most fundamental and prized principles in the administration of criminal law is that a distinct crime, except under certain special circumstances, cannot be given in evidence against a defendant who is being tried for

another crime. This is because the fact that a person has committed one offense is not proof that he has committed another and because the effect of such testimony upon a jury is nevertheless bound to create prejudice and an emotional reaction on their part against the defendant. It is held that such evidence is admissible only where the former alleged crime or crimes are of the same nature as the one under trial and indicate a general intent or design on the part of the accused to conduct, for example, a series of similar robberies, or murders, or sex offenses, or poisonings of persons in order to obtain their insurance money, or the like; in other words, the prior criminal act or acts are evidential only if clearly constituting part of a chain, system, composite plan or scheme.

380 Pa. 43, 47, 110 A.2d 193 (1955). *See also Commonwealth v. Wable:* "It is true, of course, that a distinct crime, except under certain special circumstances, cannot be given in evidence against a defendant who is being tried for another crime, because the fact of the commission of one offense is not proof of the commission of another." 382 Pa. 80, 84, 114 A.2d 334, 336 (1955).

In short, trial counsel's concern that appellant's prior criminal record might be introduced by the Commonwealth to show that appellant was a violent man, was a concern based upon a misunderstanding of the law of evidence as to the admissibility of prior crimes. Evidence of prior crimes may not be admitted to show that a defendant is a "bad man," or that he has a "criminal disposition" as evidenced by a prior criminal record. In the present case, the prior crimes may not be admitted to attack appellant's credibility because the prior crimes do not involve dishonesty or false statement and the defendant's character is not in issue. Furthermore, in the present case, prior crimes would not be admitted under any other exception to the rule of general exclusion because they are not germane, i.e., closely related (*see Commonwealth v. Peterman, supra,* n. 4) to the present prosecution.

The fact that trial counsel elicited testimony concerning appellant's prior criminal record in order to prevent the Commonwealth from introducing this testimony and thus undermining appellant's credibility does not make trial counsel's tactic reasonable when, in fact, the Commonwealth could not introduce the accused's other crimes either as impeachment or under any recognized exception to the general rule that prior crimes may not be admitted into evidence against an accused. Trial counsel was, therefore, ineffective, and the case must be remanded for a new trial.

Reversed and remanded.[2]

McDERMOTT, J., dissents.

**2.** Because of our disposition of this case, we do not address appellant's other assertions that the Commonwealth did not establish its burden of proof (1) that appellant did not act in self-defense and (2) that the homicide was not the result of an accident.