460 A.2d 1103

**COMMONWEALTH of Pennsylvania**

v.

**Rocco BARBA, Appellant.**

Superior Court of Pennsylvania.

Submitted March 1, 1982.

Filed April 22, 1983.

Reargument Denied July 5, 1983.

Petition for Allowance of Appeal Denied Nov. 2, 1983.

Joseph C. Santaguida, Philadelphia, for appellant.

Jane Cutler Greenspan, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before WIEAND, BECK and HOFFMAN, JJ.

WIEAND, Judge:

Rocco Barba was tried non-jury and found guilty on six counts of theft by receiving stolen property.[1]  On direct appeal, after post verdict motions were denied and sentences imposed, Barba contends (1) that the evidence was insufficient to support the guilty verdicts; (2) that the court erred in refusing to suppress evidence of the stolen goods found in appellant's possession; (3) that he was unfairly prejudiced by evidence of uncharged acts of misconduct; and (4) that his sentence was excessive and based on improper considerations.  These contentions are lacking in merit; and, therefore, we affirm the judgments of sentence.

Appellant was arrested and charged with theft by receiving stolen property after police, in the execution of several search warrants, found four commercial and residential buildings filled with air conditioners, televisions, stereo sets, tires, appliances, clothing, jewelry and other assorted items of personal property.  Some of the merchandise was specifically identified as stolen; other items were found from which identifying serial numbers had been removed.  Police confiscated and removed four truck loads of goods.

The initial search warrant was issued for premises owned by appellant at 4324 Main Street, in the Manayunk section of Philadelphia.  It was directed toward items taken in a burglary committed at 4321 Main Street approximately one

---

1.  18 Pa.C.S. § 3925.

month earlier. The affidavit of probable cause submitted by Detective Joseph Brignola contained the following:

On 2/1/79, a male known to me as Regis Pallotto came into the Major Investigation Unit headquarters, located at 39th & Lancaster Avenue, and stated that he had information concerning Burglars, and also about persons receiving stolen property. He stated that a male he knows as Fred Scavello 22 W/M who resides at 4355 Main St., has committed a Burglary on 12/31/78, at a residence located in the 4300 block of Main Street, Phila., Pa., at a house that has black steps, and taken in this burglary was a Sears black and white television, an old wall air conditioner, and a camera, and some jewelry. Mr. Pallotto stated that he saw this property in the possession of Scavello on the date of the Burglary, and then again on 2/1/79 inside the residence 4324 Main St., which he entered while escorted by a Rocco Barba. At this time Rocco Barba was trying to sell Pallotto a television. Mr. Pallotto states that he has known Mr. Barba for several years, and has on several occasions in the past sold stolen property to Mr. Barba, and has taken it inside 4324 Main St.

On 2/4/79 an investigation (was made) by the affiant Det. Joseph Brignola # 895 which revealed the following. A Mr. Earl Harvey 57 yrs W/M residing at 4321 Main St., was contacted and he stated that on 12/31/78 while he was out of the house for the evening, his residence was forcibly entered through the front door, and taken were a Sears black and white television, an old air conditioner, a camera, and some jewelry. Mr. Harvey also stated that his residence has black steps. Mr. Pallotto has stated that on 2/2/79, he saw the stolen Sears television inside 4324 Main St., Phila., Pa., and he also saw the air conditioner, inside 4324 Main St., and he knows these articles as the same ones that he saw on 12/31/78, the night of the Burglary at Mr. Harvey's house.

Due to the above related facts, it is felt that there is sufficient probable cause to obtain a Search Warrant for

the residence located at 4324 Main St., Phila., Pa., so that the stolen articles may be recovered.

■ Before a search warrant can properly be issued upon probable cause, the affidavit must set forth the underlying circumstances from which the informer concluded that the items to be seized were where he said they were, and must also recite circumstances from which the issuing authority can determine whether the informant is reliable or his information credible. *Aguilar v. Texas,* 378 U.S. 108, 114–115, 84 S.Ct. 1509, 1514, 12 L.Ed.2d 723, 729 (1964); *Commonwealth v. Casuccio,* 308 Pa.Super. 450, 455–56, 454 A.d 621, 624 (1982); *Commonwealth v. Prosdocimo,* 308 Pa.Super. 187, 196–97, 454 A.2d 84, 90 (1982). See: *Commonwealth v. Davis,* 466 Pa. 102, 110, 351 A.2d 642, 646 (1976); *Commonwealth v. Matthews,* 446 Pa. 65, 70, 285 A.2d 510, 512 (1971); *Commonwealth v. Salvaggio,* 307 Pa.Super. 385, 392, 453 A.2d 637, 640 (1982); *Commonwealth v. Funke,* 306 Pa.Super. 542, 547, 452 A.2d 857, 859 (1982). Appellant contends that the affidavit in this case failed to establish that the informant was reliable or his information credible. With respect to the reliability of an informant, this Court has "delineated four criteria to be considered by the issuing authority in his attempt to determine whether a substantial basis exists for crediting the informant's tip: '(1) Did the informant give prior reliable information? (2) Was the informant's story corroborated by any other sources? (3) Were the informant's statements a declaration against [penal] interest? (4) Does the defendant's reputation support the informant's tip?'" *Commonwealth v. Herron,* 243 Pa.Super. 319, 334, 365 A.2d 871, 878 (1976), quoting *Commonwealth v. Ambers,* 225 Pa.Super. 381, 386, 310 A.2d 347, 350 (1973). See also: *Commonwealth v. Prosdocimo, supra,* 308 Pa.Superior at 198, 454 A.2d at 89; *Commonwealth v. Salvaggio, supra,* 307 Pa.Superior at 393, 453 A.2d at 641; *Commonwealth v. Mazzochetti,* 299 Pa.Super. 447, 455, 445 A.2d 1214, 1218 (1982); *In re Burton,* 259 Pa.Super. 20, 23, 393 A.2d 696, 697 (1978). However, there is no requirement that each criterion be met

in order to support a finding of reliability. *Commonwealth v. Prosdocimo, supra,* 308 Pa.Superior at 198, 454 A.2d at 89; *Commonwealth v. Salvaggio, supra,* 307 Pa.Superior at 394, 453 A.2d at 641; *Commonwealth v. Mazzochetti, supra,* 299 Pa.Superior Ct. at 455, 445 A.2d at 1218; *Commonwealth v. Marzel,* 291 Pa.Super. 553, 560, 436 A.2d 639, 642 (1981); *In re Burton, supra,* 259 Pa.Superior at 23, 393 A.2d at 697; *Commonwealth v. Herron, supra,* 243 Pa.Superior at 334, 365 A.2d at 878.

■ In the instant case, a named informant described goods stolen during a recent burglary. He also gave the date and location of the crime and said that he had seen the stolen goods delivered to appellant by the burglar, whom he identified. An independent police inquiry confirmed the occurrence of the burglary and disclosed a theft of goods corresponding to those described by the informant. This was sufficient to support a finding of probable cause. The informant's tip had been corroborated by an independent police investigation. See: *Commonwealth v. Salvaggio, supra; Commonwealth v. Frazier,* 269 Pa.Super. 527, 410 A.2d 826 (1979); *Commonwealth v. Whitehouse,* 222 Pa.Super. 127, 292 A.2d 469 (1972). See also: *Commonwealth v. Hunt,* 256 Pa.Super. 140, 389 A.2d 640 (1978). The fact that the informant was named and had been an eyewitness to the delivery of the stolen goods to appellant added additional reliability to the information given to the issuing authority. *Commonwealth v. Frazier, supra,* 269 Pa.Superior at 534–535, 410 A.2d at 830. See: *Commonwealth v. Stokes,* 480 Pa. 38, 44–45, 389 A.2d 74, 78 (1978); *Commonwealth v. Brown,* 298 Pa.Super. 11, 20, 444 A.2d 149, 154 (1982); *Commonwealth v. Urbina,* 290 Pa.Super. 117, 122–123, 434 A.2d 157, 159–160 (1981). See generally: *Commonwealth v. Mamon,* 449 Pa. 249, 297 A.2d 471 (1972).

■ It was not essential to the establishment of probable cause that the affiant police officer allege that appellant knew the goods to have been stolen. In the context of search warrants, probable cause exists where there is a reasonable belief that objects related to suspected criminal

activity will be found at the place to be searched. "The critical element in a reasonable search is not that the [possessor] of the property is suspected of crime but that the specific things to be searched for and seized are located on the property to which entry is sought." *Commonwealth v. Gannon*, 308 Pa.Super. 330, 338, 454 A.2d 561, 565 (1982), quoting *Zurcher v. Stanford Daily*, 436 U.S. 547, 556, 98 S.Ct. 1970, 1976–1977, 56 L.Ed.2d 525, 535 (1978).

When police conducted a search at 4324 Main Street, they found the air conditioner which had been taken in the burglary at the home of Earl Harvey. They also observed televisions, stereos, tool boxes, tires and other items stacked throughout the home. Appellant was warned of his *Miranda* rights, but volunteered that he had purchased the air conditioner from someone in the neighborhood. He also told police without being asked that he bought "a lot of old junk" from people in the neighborhood but tried not to buy stolen property. Appellant freely showed the police other portions of the building and took them through underground passageways to 4326 and 4328 Main Street. In these buildings, police observed additional merchandise, on some of which the serial numbers had been defaced or removed. Appellant also showed police a .38 revolver which they traced and found to have been stolen during a prior burglary. Police thereafter obtained warrants to search premises at 4326 and 4328 Main Street. A fourth warrant was later obtained for an additional property owned by appellant on the other side of the street. This was based on observations made by the police and information divulged by residents of the neighborhood.

Although appellant challenges the existence of probable cause for these additional warrants, we are persuaded that the affidavits demonstrated sufficient facts to permit a finding of probable cause by the issuing authority. This aspect of the case has been considered thoroughly by the Honorable I. Raymond Kremer in an opinion written for the trial court, and we find it unnecessary to add thereto or

recite herein the lengthy affidavits submitted to the issuing authority in support of the warrants issued.

Of greater interest is appellant's contention that the warrants failed to identify the merchandise being sought with sufficient specificity. The second warrant identified these items as follows:

"Firearms, tires, stereo equipment, jewelry, new clothing, tools, radios, TVs, typewriters, stenotypers, car radios, CBs, air conditioners, cameras, lens, projectors, motors, currency, both paper and coin, and other items believed to be stolen."

The third and fourth warrants were virtually the same but did not contain the phrase "and other items believed to be stolen."

Article I, Section 8, of the Pennsylvania Constitution provides that "no warrant to search any place or to seize any person or thing shall issue without describing them as nearly as may be, nor without probable cause ...." This guarantee, it has been held, is co-extensive with the guarantee contained in the Fourth Amendment of the Constitution of the United States. *Commonwealth v. Smyser*, 205 Pa.Super. 599, 211 A.2d 59 (1965). The Fourth Amendment provides that "no warrants shall issue, but upon probable cause ... and particularly describing the ... things to be seized." See: *Andresen v. Maryland*, 427 U.S. 463, 96 S.Ct. 2737, 49 L.Ed.2d 627 (1976).

The constitutional requirement of particularity necessarily achieves definition according to the circumstances and the nature of the items to be seized. Pa.R.Crim.P. 2005(b) has incorporated this requirement of particularity into the criminal rules.[2] The Comment to the rule explains that the particularity requirement is:

"... intended to prescribe [sic] general or exploratory searches by requiring that searches be directed only towards the specific items, persons or places set forth in the warrant. Such warrants should, however, be read in

---

**2.** Pa.R.Crim.P. 2005(b) provides that each search warrant shall "identify the property to be seized."

a common sense fashion and should not be invalidated by hypertechnical interpretations. *This may mean, for instance, that when an exact description of a particular item is not possible, a generic description may suffice.*" (Emphasis added.)

See also: *United States v. Ventresca,* 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965).

The Pennsylvania Supreme Court has adopted this "common sense" approach. Thus, in *Commonwealth v. Matthews, supra,* the Court said:

"[I]n this connection, we note that several courts have ruled that where the items to be seized are as precisely identified as the nature of the activity permits and an exact description is virtually impossible, the searching officer is only required to describe the general class of the item he is seeking." (Citations omitted.)

*Id.,* 446 Pa. at 73, 285 A.2d at 514.

In the instant case, the officers who executed the affidavits for the warrants had seen a vast amount of personal property, enough to fill four trucks. They had had neither opportunity nor authority to examine all observed items for brand names, serial numbers, identifying marks, or other details sufficient to permit precise descriptions.

In similar situations involving contraband or stolen goods, the federal courts have consistently upheld warrants which described items to be seized in generic terms. See: *United States v. Cortellesso,* 601 F.2d 28 (1st Cir.1979), *cert. denied,* 444 U.S. 1072, 100 S.Ct. 1016, 62 L.Ed.2d 753 (1980); *United States v. Klein,* 565 F.2d 183 (1st Cir.1977); *United States v. Scharfman,* 448 F.2d 1352 (2d Cir.1971), *cert. denied,* 405 U.S. 919, 92 S.Ct. 944, 30 L.Ed.2d 789 (1972); *Vitali v. United States,* 383 F.2d 121 (1st Cir.1967). In *United States v. Cortellesso, supra,* federal agents had executed a search warrant for the defendant's clothing store. The items to be seized were described as follows: "stolen goods, wares and merchandise valued in excess of $5,000 which have travelled in interstate commerce, in particular men's suits, sports jackets, women's boots, leather

coats, fur coats, rain coats...." During execution of the warrant additional information was obtained which led to the issuance of a similar warrant for defendant's home. The Court agreed that there had been probable cause to believe that the premises to be searched contained a large collection of goods likely to be stolen. With respect to the agent's ability to distinguish the contraband from the rest of defendant's inventory, the Court held:

> "[F]or all practical purposes the collection [of goods] could not be precisely described for the purpose of limiting the scope of the seizure .... [O]nly a generic description was known. Accordingly, we believe that the affidavits established that the officer who applied for the search warrants could only have been expected to describe the generic class of items he sought.... [A] precise description of the goods became a practical impossibility."

*Id.* at 32.

In *United States v. Scharfman, supra,* the Court of Appeals for the Second Circuit reviewed a warrant which contained a description of the items to be searched as "fur coats, stoles, jackets, and other finished fur products" as well as other items. The Court opined that the "futility of further particularization is clear in this case," because the agents had no means at their disposal for giving a more detailed description. In holding the description adequate, the Court observed that "the Fourth Amendment requirements do not impose a burden on the executing officer beyond his power to meet." *Id.* at 1354. See also: *Steele v. United States, No. 1,* 267 U.S. 498, 45 S.Ct. 414, 69 L.Ed. 757 (1925); *United States v. Strauss,* 678 F.2d 886 (11th Cir.1982), *cert. denied,* 459 U.S. 911, 103 S.Ct. 218, 74 L.Ed.2d 173 (1982); *United States v. Hillyard,* 677 F.2d 1336 (9th Cir.1982); *United States v. Cook,* 657 F.2d 730 (5th Cir.1981); *Grimaldi v. United States,* 606 F.2d 332 (1st Cir.1979), *cert. denied,* 444 U.S. 971, 100 S.Ct. 465, 62 L.Ed.2d 386 (1979); *United States v. Davis,* 542 F.2d 743 (8th Cir.1976), *cert. denied,* 429 U.S. 1004, 97 S.Ct. 537, 50

L.Ed.2d 616 (1976); *United States v. Averell,* 296 F.Supp. 1004 (E.D.N.Y.1969); 54 A.L.R.Fed. 679.

The recent decision of this Court in *Commonwealth v. Santner,* 308 Pa.Super. 67, 454 A.2d 24 (1982) does not support appellant's contention. In that case, the police had seized all of a defendant-physician's files, records and ledgers pursuant to a warrant which had identified the items to be seized as "All Patient/Physician records and charts. All ledgers and bookkeeping pertaining to patients and visits." The purpose of the warrant had been to aid an ongoing investigation regarding suspected unlawful sales of controlled substances. This Court held that the warrant lacked particularity and was overbroad. In doing so, the Court observed: "The distinction between a search for contraband and a search for business records is an historic one. *See Boyd v. United States,* 116 U.S. 616 [6 S.Ct. 524, 29 L.Ed. 746] (1886)." *Id.,* 308 Pa.Superior at 81 n. 7, 454 A.2d at 31 n. 7. This same distinction was well stated in *United States v. Abrams,* 615 F.2d 541 (1st Cir.1980). There, a doctor's files and records had been seized during an investigation into his suspected participation in Medicare and Medicaid fraud scheme. All of the physician's Medicare and Medicaid records had been seized in a search that lasted more than three hours. The court distinguished cases where a search had been directed to stolen goods or other contraband in the following language:

"It is true, as the government points out, that courts have approved warrants describing the things to be seized in generic terms but, in most instances, the material to be seized was contraband or stolen property (citations omitted). We found the generic description sufficient to satisfy the particularity requirement of the fourth amendment where the affidavits established that goods described in generic terms were likely to have been stolen and constituted a dominant part of the goods on the premises (citations omitted) .... [W]here the property is of a specified character and that character is contra-

band, a description in terms of its character is sufficient....

Business records, although they may contain evidence of fraud, do not fall into the category of stolen or contraband goods."

*Id.* at 545. See also: *United States v. Jacob,* 657 F.2d 49 (4th Cir.1981), *cert. denied,* 455 U.S. 942, 102 S.Ct. 1435, 71 L.Ed.2d 653 (1982).

■ The instant case involves the search and seizure of a large quantity of stolen goods. The adequacy of the warrant's description of such goods must be determined according to decisions based on comparable warrants. Those decisions establish clearly that warrants identifying items to be seized as "firearms, tires, stereo equipment, jewelry, new clothing, tools, radios, TVs, typewriters, stenotypers, car radios, CBs, air conditioners, cameras, lens, projectors, motors, currency, both paper and coin, and other items believed to be stolen" are sufficient to pass constitutional muster under circumstances present in the instant case.

■ Appellant also complains that there was evidence tending to show that he had received stolen property in addition to that with which he had been charged in the several informations. As a general rule, evidence of prior, unrelated criminal acts is inadmissible. *Commonwealth v. Jones,* 499 Pa. 522, 526, 454 A.2d 8, 9 (1982); *Commonwealth v. Morris,,* 493 Pa. 164, 175, 425 A.2d 715, 720 (1982); *Commonwealth v. Stauffer,* 309 Pa.Super. 176, 185, 454 A.2d 1140, 1145 (1982); *Commonwealth v. Gonzales,* 297 Pa.Super. 66, 76, 443 A.2d 301, 306 (1982); *Commonwealth v. Sanders,* 296 Pa.Super. 376, 378, 442 A.2d 817, 818 (1982); *Commonwealth v. Krajci,* 283 Pa.Super. 488, 498, 424 A.2d 914, 919 (1981). However, an exception to the rule exists where prior acts are relevant to establish knowledge or intent. *Commonwealth v. Jones, supra,* 499 Pa. at 526, 454 A.2d at 10; *Commonwealth v. Styles,* 494 Pa. 524, 528, 431 A.2d 978, 980 (1981); *Commonwealth v. Morris, supra,* 493 Pa. at 175, 425 A.2d at 720; *Commonwealth v. Brown,* 489 Pa. 285, 296, 414 A.2d 70, 75 (1980); *Commonwealth v. DeVaughn,* 488 Pa. 629, 631, 413 A.2d 660, 661

(1980); *Commonwealth v. Stauffer, supra,* 309 Pa.Superior at 185, 454 A.2d at 1145; *Commonwealth v. Laughman,* 306 Pa.Super. 269, 271 n. 1, 452 A.2d 548, 549 n. 1 (1982); *Commonwealth v. Gonzales, supra,* 297 Pa.Superior at 76, 443 A.2d at 306; *Commonwealth v. Rough,* 275 Pa.Super. 50, 63, 418 A.2d 605, 612 (1980). In the present case, the Commonwealth was required to prove that appellant possessed stolen goods with knowledge that they were stolen or at least with a belief that they had probably been stolen. 18 Pa.C.S. § 3925. Evidence of appellant's participation in transactions during which he purchased other stolen property stored in his houses was probative of the state of his mind. The trial court hearing the charges against appellant did not err by receiving this evidence to show a knowing and intentional receiving of stolen property.[3]

Appellant has not preserved for review the excessiveness of the sentence imposed or the adequacy and propriety of the sentencing court's reasons therefor. Not only does the record fail to disclose that a petition to reconsider the sentence was ever filed, but when ordered to file a statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b), appellant failed to do so. While the other issues decided in this opinion were raised in post trial motions and brought to the attention of the trial court, appellant's sentencing contentions were never presented to that court.

In *Commonwealth v. Silver,* 499 Pa. 228, 452 A.2d 1328 (1982), the Supreme Court defined the parameters of the waiver provision in Rule 1925. There, the appellant had raised certain issues in post-trial motions and argued them before the trial court. When they were decided adversely to him, he appealed. In response to an order directing him to file a statement of matters complained of on appeal, appellant filed a statement which omitted reference to a ruling concerning the irrelevancy of defense evidence. The Supreme Court held that the waiver provision in Rule

---

**3.** The relevance and significance of this evidence became even greater in light of appellant's contention at trial that he had innocently come into possession of the stolen merchandise alleged in the informations.

1925(b) "is properly invoked only where failure to file a statement ... defeats effective appellate review." *Id.*, 499 Pa. at 238, 452 A.2d at 1333.

In the present case, appellant's failure to file a statement of matters complained of on appeal, as required by Rule 1925(b), has prevented our achieving an effective review of the sentencing issue. Because the issue was not called to the attention of the trial court, its opinion does not contain a discussion of the sentence imposed. More importantly, appellant's failure to raise the sentencing issue by a statement of issues complained of on appeal has resulted in the absence of a transcribed record of the sentencing hearing. Thus, we are unable to review the evidence or the court's reasons for the sentence imposed. We are also unable to determine whether appellant knowingly waived this issue by failing to file a petition to modify sentence.[4] Under these circumstances, appellant has failed to preserve this issue for appellate review. Cf. *Commonwealth v. Williams*, 265 Pa.Super. 180, 401 A.2d 820 (1979).

The judgment of sentence is affirmed.

HOFFMAN, J., files a dissenting opinion.

4. Where it can be shown that appellant knew of his right and obligation to file a petition to reconsider under Rule 1410 and failed to do so, sentencing claims not going to the legality of the sentence are deemed waived. See: *Commonwealth v. Stetler*, 494 Pa. 551, 565, 431 A.2d 992, 999 (1981); *Commonwealth v. Green*, 494 Pa. 406, 408, 431 A.2d 918, 919 (1981); *Commonwealth v. Boyce*, 304 Pa.Super. 27, 30, 450 A.2d 83, 85 (1982); *Commonwealth v. Shaw*, 280 Pa.Super. 575, 583, 421 A.2d 1081, 1085 (1980); *Commonwealth v. Ruschel*, 280 Pa.Super. 187, 188–189, 421 A.2d 468, 469 (1980). However, where the record discloses that appellant was not apprised by the trial court of his obligation to file a petition within 10 days of sentencing, a finding of waiver cannot be made. *Commonwealth v. DeCaro*, 298 Pa.Super. 32, 44–45, 444 A.2d 160, 166–167 (1982); *Commonwealth v. Koziel*, 289 Pa.Super. 22, 24–25, 432 A.2d 1031, 1032 (1981); *Commonwealth v. Kittrell*, 285 Pa.Super. 464, 471 n. 6, 427 A.2d 1380, 1383 n. 6 (1981); *Commonwealth v. Rush*, 281 Pa.Super. 92, 95, 421 A.2d 1163, 1164 (1980). See also: *Commonwealth v. Kancle*, 302 Pa.Super. 454, 448 A.2d 1129 (1982); *Commonwealth v. Kauffman*, 298 Pa.Super. 375, 444 A.2d 1222 (1982); *Commonwealth v. Dalbon*, 296 Pa.Super. 122, 442 A.2d 326 (1982); *Commonwealth v. Picker*, 293 Pa.Super. 381, 439 A.2d 162 (1981).

HOFFMAN, Judge, dissenting:

Because I find the overbreadth of the latter three search warrants repugnant to the specificity required by the United States Constitution, and the ensuing unrestrained searches prime examples of the evil that requirement was designed to prevent, I must strenuously dissent.

The fourth amendment to the United States Constitution provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and *particularly describing* the place to be searched and the persons or things to be searched." (emphasis added). General warrants are thus prohibited. *Andresen v. Maryland*, 427 U.S. 463, 480, 96 S.Ct. 2737, 2748, 49 L.Ed.2d 627, 642 (1976). "As to what is to be taken, nothing is left to the discretion of the officer executing the warrant." *Marron v. United States*, 275 U.S. 192, 196, 48 S.Ct. 74, 76, 72 L.Ed. 23, 26 (1927). *Accord, Stanford v. Texas*, 379 U.S. 476, 85 S.Ct. 506, 13 L.Ed.2d 431 (1965); *United States v. Crozier*, 674 F.2d 1293 (9th Cir.1982). "The particularity requirement prohibits a warrant that is not particular enough and a warrant that is overbroad." *Commonwealth v. Santner*, 308 Pa.Superior Ct. 67 n. 2, 454 A.2d 24 n. 2 (1982). "A warrant unconstitutional for its overbreadth authorizes in clear or specific terms the seizure of an entire set of items or documents, many of which will prove unrelated to the crime investigation." *Id.*

The items identified to be searched for and seized were "FIREARMS, TIRES, STEREO EQUIPMENT, JEWELRY, NEW CLOTHING, TOOLS, RADIOS, TV'S, typewriters, steno typers, car radios, cb's, air conditioners, cameras, lens, projectors, motors, currency, both paper and coin, and other items believed to be stolen." The majority holds these generic descriptions sufficient and the seizure of all the goods within appellant's houses proper because the sheer volume of the stolen goods precluded any reasonable attempt at particularity. *See United States v. Cortellesso*, 601 F.2d 28 (1st Cir.1979), *cert. denied*, 444 U.S. 1072, 100 S.Ct. 1016, 62 L.Ed.2d 753 (1980); *United States v. Scharf-*

*man,* 448 F.2d 1352 (2d Cir.1971), *cert. denied,* 405 U.S. 919, 92 S.Ct. 944, 30 L.Ed.2d 789 (1972). The majority, however, ignores the facts of this case. In *Cortellesso,* reliable informants and wiretap information indicated that there were more than 740 suits, as well as numerous other items of clothing, known to be stolen, on the premises to be searched. In permitting a general description, the court held "that for all practical purposes the collection could not be precisely described for the purpose of limiting the scope of the search." *United States v. Cortellesso, supra* at 32. In *Scharfman,* an FBI informant's tip that several hundred furs, known to be stolen, were in two stores, was positively confirmed by the observations of the furs' owner. In permitting a generic description, the court acknowledged it would take "a legion of fur experts" to determine which of the items were stolen.

Here, however, out of the four five-ton truckloads of merchandise confiscated, the officers had information that one gun had been stolen and that some items had missing or defaced serial numbers. Rather than limit the search and seizure to those items known to be stolen, i.e. the gun, or those having some indicia of being stolen, i.e. items with serial numbers removed or defaced, the warrants authorized the officers to seize virtually everything in appellant's four houses. Tires, jewelry, clothing, tools and hundreds of other items with no markings or reports indicating they may have been stolen were seized pursuant to the warrants. Despite carting away four truckloads of goods, the Commonwealth was only able to convict appellant of receiving two tape players, one drill, one radio and several pieces of jewelry. Thus, the vast majority of goods seized were not known to be stolen at the time of the search or even after subsequent investigation. Unlike *Cortellesso* and *Scharfman,* the police had no specific reports indicating that a large quantity of the goods were known to be stolen. Nor would there have been any difficulty in limiting the search to those items having some indicia of being stolen. Thus the reasons for permitting a general description of goods to

be searched and seized are not present and the warrant is entirely too broad. This unsupervised wholesale confiscation of an individual's goods cannot be countenanced under the fourth amendment. Accordingly, I would grant appellant's motion to suppress the items seized pursuant to these warrants.