## Commonwealth v. Bricker

C.P. of Washington County, no. 2003-01259.

*Joseph Schwerha,* for plaintiff.
*David DiCarlo,* for defendant.

EMERY, *J.,* October 1, 2004—This case comes before the court on a motion to suppress filed on behalf of the defendant, James Bricker. Mr. Bricker is charged with the following criminal offenses: 90 counts of invasion of privacy, 18 Pa.C.S. §7507.1, 49 counts of sexual abuse of children, 18 Pa.C.S. §6312(b), and 49 counts of sexual abuse of children, 18 Pa.C.S. §6312(d). The defendant seeks suppression of all of the evidence seized by the Pennsylvania State Police on May 28, 2003, pursuant to a search warrant. A suppression hearing was held, and both the Commonwealth and the defendant submitted briefs in support of their respective positions.

The defendant argues that the search warrant and subsequent seizure was in violation of the Pennsylvania

Constitution for two reasons. First, the defendant argues that the search warrant was invalid on its face in that the requested areas to be searched were overly broad and lacked particularity, and secondly, the defendant argues that some of the items seized were not contained in the search warrant and were not related to criminal activity and therefore exceeded the scope of the search warrant. The defendant seeks suppression of all of the items seized or, in the alternative, those items delineated below. The Commonwealth disagreed, arguing that the search warrant was specific and issued pursuant to probable cause and validly issued and executed.

When a motion to suppress has been filed, the burden is on the Commonwealth to prove by a preponderance of the evidence that the challenged evidence is admissible. *Commonwealth v. DeWitt,* 530 Pa. 299, 608 A.2d 1030 (1992). Therefore, that is the standard upon which this court will proceed with its determination of the defendant's motion to suppress. The Pennsylvania Constitution, Article I, Section 8, provides that all persons shall be secure from unreasonable searches and seizures and that no warrant to search any place or person shall be issued without probable cause. In order to safeguard our citizens' privacy, the fundamental requirement is that a warrant shall only be issued upon probable cause. *Commonwealth v. Edmunds,* 526 Pa. 374, 586 A.2d 887 (1991). The United States Constitution also provides those same rights.[1] The Pennsylvania Supreme Court has

---

1. The right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause,

long held that the Pennsylvania Constitution affords greater protection than the Fourth Amendment of the United States Constitution despite the almost identical language of the two sections. *Id.*

A search warrant must specifically describe the property or things to be seized, the search warrant cannot be used as a general investigatory tool. *Commonwealth v. Bagley,* 408 Pa. Super. 188, 596 A.2d 811 (1991). Similarly, a request in the search warrant may not be over broad in that an over broad warrant authorizes a general search and seizure, clearly prohibited by both the Pennsylvania and United States constitutions.

To determine validity, only the four corners of the search warrant may be examined. The search warrant contains a two-page application for search warrant and authorization (pp. 1, 6) and a supporting affidavit of probable cause that was attached thereto (pp. 2-5). The court must first examine the application as to the defendant's argument that the search warrant application violated the particularity requirement. To do so, an examination of the affidavit of probable cause must also be considered. The affidavit sets forth evidence that two minor females, K.M.H. and J.L.D. viewed a video on the computer of the defendant on May 27, 2003, which depicted K.M.H. getting undressed in her basement bedroom and then captured her naked and then climbing into her bed. K.M.H. indicated that she was alarmed by this video, turned off the computer and then told her mother, K.B.,

---

supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized. IV Amendment, United States Constitution.

the defendant's girlfriend. K.B. told the police that the defendant was in the computer business and possessed five networked computers, being three computers in his office and two laptop/notebook computers, and that all of the computers were networked via satellite. Trooper Erdely averred, based upon his computer expertise, that computers which are networked can be viewed from any one of the actual computers and that the storage of a particular file could be on any of a network's computers and that, therefore, means all of the computers would have to be searched in looking for a particular file. The items sought to be searched were computer hardware, computer software, passwords related to the computer hardware or software and any documentation on how to use the computer hardware or software. Clearly the facts enabled the issuing authority to find that probable cause existed that evidence would be found on the items to be searched. Those facts were supported by direct information from the two minors, as well as K.B., and were not based only on suspicions. Further, K.B. personally observed the defendant viewing pornography on his computer and that the pornography involved children under the age of 18, in that K.B. personally witnessed those pictures and the objects of the pornography seemed to be approximately 13 years of age. Those facts, taken together, provide probable cause.

The defendant argues that the over broad nature of the search warrant request and the lack of particularity render the search warrant invalid. The court finds that the search warrant clearly set forth the items to be seized

with particularity. The hardware, software and other requests were specific and cogent. The more difficult examination is whether the request was over broad. The search warrant is broad, the question is whether it is over broad. The court finds that the nature of the transmittal of data electronically requires a broad approach. That is, the electronic image that is the criminal activity can be maintained or stored in different places and in different forms. The transmittal of that image again can be done through different locales and in different forms. The broad nature of the request is simply necessary and, therefore, is not excessive or violative of the defendant's rights. While the items searched for and seized may have contained much information and items not related to the criminal activity, it is impossible to separate the two. The prosecution is not seeking to use any information not related to the criminal activity referred to in the search warrant application. The court finds that the search warrant was not over broad, nor did it lack particularity.

The defendant also argues that some of the items seized were not contained in the search warrant and therefore, should be suppressed. The defendant argues that the following items fall into that category: one Dell laptop, a Systemax Tiger server, one Soyo PC Workstation, three CDs from the defendant's briefcase, one Micron laptop, one black leather laptop briefcase containing radios, cables and an interface box, 12 CDs from the basement office including a Windows 2000 operating system CD, one pinhole camera, one paper with user names and passwords. The court denies the motion to suppress on that

ground. The court finds that all of those items are indeed contained in the search warrant. First, the laptops and PC Workstation are clearly computer hardware. The CDs are contained in the software request. The pinhole camera falls under the hardware request, which includes equipment that would transmit electronic images to the computer, which is what the camera does. The paper with user names and passwords is set forth in the request as passwords and data security devices.

Courts have held that, while items to be seized shall be set forth as precisely as can be, an exact description may be impossible. *Commonwealth v. Barba,* 314 Pa. Super. 210, 460 A.2d 1103 (1983). Therefore, a generic description may suffice. *Id.* In this case, only items related to pornography and the privacy of the two minors were seized. Of course, the items seized had other information on them or other uses for them. But the police could not separate those legitimate items from those not legitimate due to the nature of computer operations. The fact that items seized may contain other non-criminal activity files does not render the seizure invalid. Rather, the police simply cannot use the non-criminal activity items. None of the items delineated by the defendant are non-criminal related activities.

In conclusion, the court finds that the search warrant was supported by probable cause and was described with the requisite particularity. Therefore, the motion to suppress is hereby denied.

## ORDER

And now, October 1, 2004, the motion to suppress is denied.